Diane V. Weifenbach, Esq. (SBN 162053)
LAW OFFICES OF DIANE WEIFENBACH
5120 E. LaPalma Avenue, #209
Anaheim, CA 92807
Ph.: (714) 695-6637
Fax: (714) 643-7474
diane@attylsi.com

Attorneys for Movant Movant  U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE )

| | |
|---|---|
| In Re:<br><br>JUAN CARLOS CASAS,<br><br>Debtors. | CASE NO.:  15-51635<br><br>CHAPTER 7<br><br>RS: DVW-001 |
| U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST,<br><br>Movant,<br><br>v.<br><br>JUAN CARLOS CASAS, DEBTOR, AND FRED HJELMESET, CHAPTER 7 TRUSTEE<br><br>Respondents. | **MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   7/21/2015<br>TIME:   2:30 pm<br>CTRM:   3020<br>PLACE: U.S. Bankruptcy Court<br>            280 South First Street<br>            San Jose, CA<br><br>Property:  2151 Green Acres Lane<br>                Morgan Hill, CA 95037<br><br>Honorable Arthur S. Weissbrodt |

COMES NOW, Movant  U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC3 TITLE TRUST (" Movant"), and files the within Motion for Relief From

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF

Stay; Memorandum of Points and Authorities in Support Thereof pursuant to *11 USC Sections 362(d)(1) and (d)(2)* and respectfully represents as follows.

## I.

## **STATEMENT OF FACTS**

1. On or about September 4, 2008, JUAN CARLOS CASAS ("Debtor") and PATRICIA CASAS ("Co-borrower"), herein executed a Note in the sum $1,625,000.00 naming BANK OF AMERICA, N.A., as Payee. Said Note is secured by a Deed of Trust of even date in the sum of $1,625,000.00 naming BANK OF AMERICA, N.A., as Beneficiary, recorded in the Office of the County Recorder of Santa Clara on October 27, 2008, as Document No. 20028683 and encumbering the real property located at 2151 Green Acres Lane, Morgan Hill, CA 95037 (the "Property"). (True and correct copies of the Note and Deed of Trust are attached to the *Declaration of Cristina Moraga-Peraza* as Exhibits "1" and "2", respectively.)

2. All beneficial interest in the Note and Deed of Trust were assigned to Movant on May 5, 2014 as Document No. 22614249, in the office of the Santa Clara County Recorder. Movant is in possession, custody and control of the original endorsed Note assigning all right, title and interest therein to Movant. (A true and correct copy of the Assignment is attached to the *Declaration of CristinaMoraga-Peraza* as Exhibit "3".)

3. Notice of Default was recorded on December 8, 2014.

4. Notice of Sale was recorded on April 7, 2015, scheduling the foreclosure sale for May 28, 2015. Foreclosure sale is currently scheduled for July 8, 2015.

5. On May 14, 2015, Debtor herein filed the within Chapter 7 case.

6. Debtor is contractually delinquent for the February 1, 2014 through June 1, 2015 mortgage payments, for a total of 17 (seventeen) months totaling $124,582.11. The post-petition mortgage payment is currently $6,208.79.

7. There is currently due and owing under the Note no less than $2,028,738.22.

8. On or about February 20, 2015, Debtor's request for a Home Retention application was denied due to an incomplete package by Rushmore Loan Management Services, LLC, ("Servicer") for Movant. A true and correct copy of the denial letter sent by Servicer is attached to the *Declaration of Cristina Moraga-Peraza* as Exhibit "4".)

9. There is no loan modification application currently pending.

10. Debtor values the Property at $1,350,000.00 based upon his Schedule "D". *(A true and correct copy of Schedule "D" is attached hereto as "1".)*

11. There are additional liens against the Property as listed in Debtor's Schedule "D". *(A true and correct copy of Schedule "D" is attached hereto as "1".)*

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) FOR CAUSE

**1. Lack of Adequate Protection**

Pursuant to *Section 362(d)(1)* cause exists to grant relief from stay if Movant's security interest is not adequately protected. Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note, plus repayment of any and all delinquent amounts owed to Movant, including all attorney's fees and costs incurred in the filing of the Motion. As set forth above, Debtor has failed to tender the required monthly mortgage payments.

In addition, there is no equity in the Property and Movant has an inadequate equity cushion which would protect against any further erosion of Movant's interest in the Property.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant relief from the automatic stay to allow Movant to enforce its rights and remedies under its Note and Deed of Trust pursuant to Section 362(d)(1).

///

///

///

## B. RELIEF IS APPROPRIATE UNDER SECTION 362(d)(2)

*11 U.S.C. Section 362(d)(2)* provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"… with respect to a stay of an act against property under subsection (a) of this section, if—the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization."

### 1. Lack of Equity in the Property

Debtor values the Property at $1,350,000.00. Movant's secured claim is no less than $2,028,738.22, and increases monthly at the rate of no less than $6,208.79 per month. There is no equity in the Property.

### 2. The Property Is Not Necessary for An Effective Reorganization

This a Chapter 7 case. There is no reorganization in prospect. Therefore, the Property is not necessary for any reorganization.

## III. CONCLUSION

Movant moves for relief from the automatic stay pursuant to *11 U.S.C. Sections 362(d)(1) and (d)(2)* on the grounds set forth above.

WHEREFORE, Movant respectfully prays for an Order of this Court:

1. Terminating the automatic stay of *11 USC Section 362* as it applies to the enforcement by Movant, its agents, successors and assigns, of all if its rights and remedies in the Property under its Note, Deed of Trust and applicable law.

2. That the 14 day stay period proscribed by *Bankruptcy Rule 4001(a)(3)* be waived;

3. Granting Movant leave to foreclose on the Property and to enforce its security interest in the Property, including any action necessary to obtain possession of the Property;

///

4. That Movant be awarded its attorney's fees and costs.

5. For such other and further relief as the court deems just and proper.

Dated: 6/30/2015　　　　　　　　　　LAW OFFICES OF DIANE WEIFENBACH

　　　　　　　　　　　　　　　　　/s/ Diane V. Weifenbach
　　　　　　　　　　　　　　　　　Diane V. Weifenbach, Esq.
　　　　　　　　　　　　　　　　　Attorney for Movant
　　　　　　　　　　　　　　　　　U.S. BANK, N.A. AS LEGAL TITLE TRUSTEE
　　　　　　　　　　　　　　　　　FOR TRUMAN 2013 SC3 TITLE TRUST